Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON
STANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone:  212-704-6000
Andrew.Buck@troutman.com
Joseph.DeFazio@troutman.com

*Counsel to the Foreign Representative*

Matthew R. Brooks (*pro hac vice*
forthcoming)
Nathaniel T. DeLoatch (*pro hac vice*
forthcoming)
TROUTMAN PEPPER HAMILTON
STANDERS LLP
600 Peachtree St., NE, Ste. 3000
Atlanta, GA 30308
Telephone:  404-885-3000
Jatthew.Brooks@troutman.com
Nathan.Deloatch@troutman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNWAVE GAS & POWER INC.,<br><br>Debtor In a Foreign Proceeding. | Chapter 15<br><br>Case No. |

**VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING,**
**(II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF**
**AND MEMORANDUM OF LAW IN SUPPORT**

A. Farber & Partners Inc., as the duly authorized foreign representative (the "Petitioner"),

as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of

Sunwave Gas & Power, Inc. (the "Foreign Debtor"), through its United States counsel, Troutman

Pepper Hamilton Sanders LLP, respectfully submits this *Verified Petition For (I) Recognition Of*

*Foreign Main Proceeding, (II) Recognition Of Foreign Representative, And (III) Related Relief*

*and Memorandum Of Law In Support* (the "Verified Petition") in support of the Petitioner's

*Chapter 15 Petition for Recognition of Foreign Proceeding*, seeking entry of an order substantially

in the form as **Exhibit A** attached hereto, (i) recognizing the Foreign Debtor's foreign assignment

proceeding commenced under Section 49 of Canada's Bankruptcy and Insolvency Act (R.S.C.,

1985, c. B-3) (the "Bankruptcy and Insolvency Act"), File No. 31-2806899 (the "Canadian

Proceeding"), as a foreign main proceeding (ii) recognizing the Petitioner as foreign representative, and (iii) granting other related relief.

In support of this Verified Petition, Petitioner respectfully submits the *Declaration of Foreign Representative Pursuant To 11 U.S.C. § 1515 And Rule 1007(A)(4) of The Federal Rules of Bankruptcy Procedure and In Support of Verified Petition (I) For Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief and Memorandum of Law in Support* (the "Declaration") filed contemporaneously herewith and incorporated herein by reference.

## **RELIEF REQUESTED**

1.      Through the Verified Petition, Petitioner seeks the following relief:

(a)      recognition pursuant to section 1517 of the Bankruptcy Code of the Canadian Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code;

(b)      recognition that the Petitioner is the "foreign representative" on a final basis (as defined in section 101(24) of the Bankruptcy Code);

(c)      all relief automatically available pursuant to section 1520 of the Bankruptcy Code;

(d)      granting additional relief pursuant to section 1521 of the Bankruptcy Code; and

(e)      such other and further relief as is appropriate under the circumstances pursuant to sections 105(a) and 1507 of the Bankruptcy Code.[1]

2.      To the extent the relief requested herein exceeds the relief available to the Petitioner with respect to the Foreign Debtor pursuant to section 1520 of the Bankruptcy Code, the Petitioner requests this relief pursuant to sections 1507 and 1521(a)(1) and (2).

---

[1] Concurrently herewith, the Petitioner has filed the *Expedited Request for Provisional Relief Under Section 1519 of the Bankruptcy Code.*

125526043

3.      In the event the Court were to determine the Canadian Proceeding is not a foreign main proceeding, the Petitioner requests that the Court nevertheless grant the relief requested above pursuant to sections 1521 and 1507 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Petitioner and Foreign Debtor confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Verified Petition to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      The Petitioner properly commenced this chapter 15 case pursuant to sections 1504 and 1509 of the Bankruptcy Code by filing the Verified Petition under section 1515 of the Bankruptcy Code.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before the Court, pursuant to 28 U.S.C. § 1410, given that the Foreign Debtor is (i) obligated on the CWave Note (defined below), which is governed by New York state law and contains a New York forum selection clause, and (ii) subject to pending litigation in New York State Court pertaining to the CWave Note.

7.      The statutory predicates for the relief requested in this Verified Petition are sections 1502, 1504, 1507, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

## BACKGROUND

I.      **Company Background and Events Leading to the Filing of the Canadian Proceeding**

8.      The Foreign Debtor is a foreign entity registered and incorporated in Canada with its registered office located at 401 Bay Street, Suite 2410, Toronto, Canada M5H 2Y4. The Foreign Debtor's principal place of business was also in Canada but was vacated when the company ceased operating in May 2019.  The Foreign Debtor is a wholly owned subsidiary of ONEnergy Inc.,[2] a Canadian public company listed on the NEX Board of the TSX Venture Exchange ("OEG").  OEG owns 100% of the issued and outstanding shares of the Foreign Debtor.

9.      Beginning in 2012, Foreign Debtor operated a natural gas and electricity supply business in Ontario, Canada.  In or around 2014, the electric retail supply business was expanded into the Northeast United States through US-based subsidiaries ("Sunwave US") which were wholly owned by the Foreign Debtor.  The Sunwave US venture was not successful as Sunwave US posted operating losses from its inception in 2014 to 2018.  Consequently, Foreign Debtor marketed Sunwave US for sale.

10.     In March 2019, Foreign Debtor closed on the sale of Sunwave US to C Wave Power & Gas Inc. ("CWave").  As a part of the sale process, Foreign Debtor entered into a *Transition Services Agreement* ("TSA") with CWave – the purpose of which was to provide Sunwave US with financial support from January 2019 through the close of the sale in March 2019.  At the close of the sale, negative working capital in Sunwave US exceeded the purchase price to CWave. Consequently, Foreign Debtor executed an unsecured promissory note in favor of CWave for certain unpaid amounts owing under the TSA (the "CWave Note").  The CWave Note is governed by the laws of the state of New York and provides that Foreign Debtor submits to the exclusive

---

[2] Canadian public company – NEX:OEG.H.

125526043

jurisdiction of the State of New York, New York County in connection with any actions arising out of or in connection with the CWave Note.

## II.    <u>The Canadian Proceeding</u>

11.    Subsequent to the sale of Sunwave US, the Foreign Debtor attempted to find a buyer for its Canadian operations but was ultimately unsuccessful in doing so.  Consequently, in December 2019, Foreign Debtor began winding down its Canadian operations.

12.    Notwithstanding, Foreign Debtor undertook several efforts to recapitalize and restart its operations.  However, these efforts were unsuccessful.  Thus, on February 23, 2022, Foreign Debtor commenced the Canadian Proceeding.

13.    The meeting of interested parties was held on March 15, 2022.  The Petitioner is proceeding with its administration of the file.

## III.    <u>The New York Litigation</u>

14.    On March 2, 2022, CWave commenced against the Foreign Debtor an action by way of a *Motion for Summary Judgment in Lieu of Complaint* on the CWave Note in the Supreme Court for the State of New York, New York County, titled *Sunwave USA Holdings, Inc. and C Wave Power & Gas, Inc. v. Sunwave Gas & Power, Inc. and ONEnergy, Inc.*, Index No.: 650988/2022 (the "<u>NY Litigation</u>").

15.    The NY Litigation remains pending, with certain deadlines upcoming. Specifically, the Foreign Debtor must respond to CWave's motion for summary judgment on or before May 10, 2022.  *See generally* NY Litigation.

## <u>BASIS FOR RELIEF</u>

16.    Chapter 15 of the Bankruptcy Code is designed to promote cooperation and comity between courts in the United States and foreign courts, to protect and maximize the value of a

125526043

debtor's assets, and to facilitate the rehabilitation and reorganization or liquidation of businesses. The relief afforded to a foreign debtor under chapter 15 is intended to avoid disruptions that could otherwise derail a debtor's restructuring or liquidation in its home country.

17.     Consistent with these principles, the Petitioner commenced an ancillary proceeding for the Foreign Debtor under chapter 15 of the Bankruptcy Code to obtain recognition of the Canadian Proceeding and certain related relief. The Petitioner believes that this chapter 15 case will complement the Foreign Debtor's primary proceeding in Canada to ensure the effective and economic administration of the Debtor's assignment and liquidation efforts and prevent parties from taking action in the United States that may jeopardize these efforts.

## I.     The Foreign Debtor is Eligible for Chapter 15 Relief

18.     The Foreign Debtor is eligible to be a debtor in a chapter 15 case. For the purposes of chapter 15 of the Bankruptcy Code, a "debtor" means an entity that is the subject of a foreign proceeding. *See* 11 U.S.C. § 1502(1); *see also* 11 U.S.C. § 101(15), (41) (defining "entity" and "person"). The Foreign Debtor is an entity organized under the laws of Canada.  As set forth below, the Canadian Proceeding is a foreign proceeding as that term is defined in the Bankruptcy Code. The Foreign Debtor does not fall within any of the categories of entities excluded from chapter 15 eligibility, as set forth in section 1501(c).

19.     Moreover, the Foreign Debtor satisfies section 109(a) of the Bankruptcy Code which requires that a debtor have a residence, domicile, a place of business or property in the United States.  11 U.S.C. § 109(a); *see Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 250 (2d Cir. 2013) (holding that section 109(a) applies in a foreign proceeding under chapter 15).   Importantly, bankruptcy courts within the Second Circuit have adopted a broad interpretation of "property" under section 109(a).  *See, e.g., In re Berau Capital Res. Pte Ltd.,* 540 B.R. 80 (Bankr. S.D.N.Y. 2015) (finding that intangible property such as

-6-

contract rights under New York law were sufficient to satisfy the requirements of section 109(a) with respect to Chapter 15).   A debtor's contractual rights or obligations under a contract containing a New York choice of law provision and New York forum selection clause are sufficient to satisfy Section 109(a).  *See In re PT Bakrie Telecom, Tbk,* 601 B.R. 707, 714-16 (Bankr. S.D.N.Y. 2019) (finding the requirements of section 109(a) satisfied where the foreign debtor was the obligor on an indenture containing New York choice of law and forum selection clauses); *In re B.C.I. Fins. PTY Ltd*., 583 B.R. 288, 293-98 (Bankr. S.D.N.Y. 2018).  Here, the Foreign Debtor satisfies section 109(a) because of its rights and obligations under the CWave Note, which is governed by the laws of the state of New York and provides that Foreign Debtor submits to the exclusive jurisdiction of the State of New York, New York County, in connection with any actions arising out of or in connection with the CWave Note.  Additionally, eligibility lies under section 109(a) due to the pendency of the NY Litigation to which the Foreign Debtor is a named party defendant.

20.     Accordingly, the Foreign Debtor is eligible for relief under chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501(b), (c).

## II.     The Canadian Proceeding Should Be Recognized as a Foreign Main Proceeding

21.     Section 1517(a) of the Bankruptcy Code provides that, after notice and hearing, a court shall enter an order recognizing a foreign proceeding as a foreign main (or nonmain) proceeding if (a) such foreign proceeding is a foreign main (or nonmain) proceeding within the meaning of section 1502 of the Bankruptcy Code, (b) the foreign representative applying for recognition is a person or body, and (c) the petition meets the requirements of section 1515 of the Bankruptcy Code. *See* 11 U.S.C. § 1517(a). As explained below, the Canadian Proceeding, the Petitioner, and the Verified Petition satisfy all of the foregoing requirements.

A.      **The Canadian Proceeding is a "Foreign Proceeding."**

22.     Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

23.     Courts have held that a "foreign proceeding" is: (a) proceeding; (b) that has either a judicial or an administrative character; (c) that is collective in nature, in the sense that the proceeding considers the rights and obligations of all creditors; (d) that is located in a foreign country; (e) that is authorized or conducted under a law related to insolvency or the adjustment of debt, even if the debtor that has commenced such proceedings is not actually insolvent; (f) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court or other authority competent to control or supervise a foreign proceeding; and (g) which proceeding is for the purpose of reorganization or liquidation.  *See In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 (S.D.N.Y. 2012).  As set forth herein and in the Declaration, the Canadian Proceeding satisfies such requirements and, therefore, qualifies as a "foreign proceeding" for purposes of section 101(23) of the Bankruptcy Code.

24.     ***First***, the Canadian Proceeding is a proceeding commenced pursuant to Section 49 of Canada's Bankruptcy and Insolvency Act (R.S.C., 1985, c. B-3), which is the Canadian law that provides for the liquidation of the assets of an entity and the distribution of the proceeds in a fair and orderly manner among the entity's creditors.  The Bankruptcy and Insolvency Act also provides for the appointment of a trustee to take charge of the assets, sell them, and distribute the proceeds of the same.  For purposes of chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." *In re Betcorp Ltd.*, 400 B.R. 266, 278 (Bankr. D. Nev. 2009).  Because the

-8-

Canadian Proceeding operates under such statutory framework, it satisfies the first factor of section 101(23) of the Bankruptcy Code.

25.     **Second**, the Canadian Proceeding is judicial in character. A liquidation or reorganization proceeding is judicial in character whenever a "court exercises its supervisory powers." *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010). In the Foreign Debtor's Canadian Proceeding, the Canadian Court has exclusive jurisdiction and the Foreign Debtor's assets and affairs are subject to the supervision of the Petitioner - the trustee of the Foreign Debtor's assets duly appointed pursuant to Section 49 of Canada's Bankruptcy and Insolvency Act and the *Certificate of Appointment from the Office of the Superintendent of Bankruptcy Canada* (the "Certificate of Appointment"),   a true and correct copy of which is attached as Exhibit A to the  Declaration.  Moreover, the scope of the Petitioner's duties—which includes the assignment and winding down of the Foreign Debtor's business operations and assets—is decided by Canadian law and governed by the Bankruptcy and Insolvency Act.

26.     **Third**, the Canadian Proceeding is collective in nature in that all affected creditors are allowed to participate. In *Betcorp*, for instance, the bankruptcy court discussed the contrasts between a true collective proceeding, where such proceeding "considers the rights and obligations of all creditors" and a non-collective proceeding, such as a "receivership remedy instigated at the request, and for the benefit, of a single secured creditor." *See* 400 B.R. at 281; *see also In re Poymanov*, 571 B.R. 24, 33 (Bankr. S.D.N.Y. 2017) ("A proceeding is collective if it considers the rights and obligations of all of a debtor's creditors, rather than a single creditor."). The Canadian Proceeding is accordingly intended to affect creditors collectively, rather than to benefit any single creditor alone.  The Petitioner, as the court-appointed trustee of the Foreign Debtor, is tasked with protecting the Foreign Debtor's business, property, assets and affairs so that they may

be administered in a way that: (i) maximize the chances of the Foreign Debtor's, or as much as possible of its business, continuing in existence; or (ii) if it is not possible for the Foreign Company to continue in existence, results in a better return for its creditors and members than would result from an immediate winding up of the company. Moreover, the Canadian Proceeding requires an initial meeting of creditors, similar to the process of a chapter 11 proceeding in the United States. This meeting occurred on March 15, 2022. Thus, the Canadian Proceeding is a quintessential collective proceeding.

27.     **Fourth**, the Canadian Proceeding is conducted in a foreign country, namely Canada, and the Canadian Court that will oversee the case is located in Ontario, Canada.

28.     **Fifth**, as described above, Canada's Bankruptcy and Insolvency Act is "a law relating to insolvency or adjustment of debt." Notably, the definition of "foreign proceeding" in the Bankruptcy Code differs from the definition found in the Model Law because the Bankruptcy Code includes the words "or adjustment of debt." *See In re Millard*, 501 B.R. 644, 649–50 (Bankr. S.D.N.Y. 2013) ("Likewise, *Collier* explains that '[t]he words "under a law relating to insolvency or adjustment of debt" [in section 101(23)] emphasize that chapter 15 is available not only to debtors that are technically insolvent or facing liquidation, but also to debtors who are in financial distress and may need to reorganize.'" (quoting 8 Collier ¶ 1501.03 (16th 2018))). Moreover, the phrase "relating to" is interpreted broadly. *See, e.g.*, *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) ("ordinary meaning of . . . words ['relating to'] is a broad one") (citation omitted); *California Div. of Lab. Standards Enf't v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 335 (1997) (Scalia, J., concurring) ("[A]pplying the 'relate to' provision according to its terms was a project doomed to failure, since, as many a curbstone philosopher has observed, everything is related to everything else."). Here there is little doubt that the Canadian Proceeding conducted

125526043

under Canada's Bankruptcy and Insolvency Act is a proceeding under either (a) "a law relating to insolvency" or (b) "a law relating to . . . adjustment of debt."

29.     **Sixth**, the Canadian Proceeding subjects the Foreign Debtor's assets and affairs to a foreign court's control or supervision. Here, and as described above, a foreign court has exercised its supervisory role through the appointment of the Petitioner as trustee of the Foreign Debtor.

30.     **Finally**, the Canadian Proceeding is for the purpose of liquidating the Foreign Debtor.  Due to restrictions imposed by the provincial government in which the Foreign Debtor operated, the Foreign Debtor's ability to market its products was severely restricted. Consequently, the Foreign Debtor was unable to meet its financial obligations as they became due. Accordingly, the Foreign Debtor filed an assignment in bankruptcy pursuant to Section 49 of the Bankruptcy and Insolvency Act, to allow for the orderly distribution of its assets to its creditors.

31.     Based on the foregoing, this Court should find that the Canadian Proceeding satisfies Section 101 (23) of the Bankruptcy Code and is a "foreign proceeding" as required by Section 1517.

**B.      The Canadian Proceeding Should be Recognized as a "Foreign Main Proceeding."**

32.     This Court should recognize the Canadian Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.  A foreign proceeding must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests ("COMI").  *See* 11 U.S.C. § 1517(b)(l).

33.     While the Bankruptcy Code does not define "center of main interests," it does provide that "in the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c).  "Registered office' refers to the place of incorporation or the equivalent for an entity that is not a natural person." 8

125526043

Collier on Bankruptcy 1516.03 (16th ed. Rev. 2019) (citing H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 113 (2005)).

34.     In this case, the Foreign Debtor's "registered office" is registered in Canada, where the Canadian Proceeding is pending. Specifically, the Foreign Debtor's registered office is located at 401 Bay Street, Suite 2410, Toronto, Canada M5H 2Y4 Canada. Moreover, the Foreign Debtor's principal place of business was formerly located at 301-155 Gordon Baker Road, North York, Ontario, Canada. The Foreign Debtor vacated these premises after its operations ceased in May 2019. *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.*), 714 F.3d 127, 138 n.10 (2d Cir. 2013) (considering an entity's principal place of business in making a COMI determination).

35.     While the "registered office" presumption is rebuttable, it should apply in this case as there is no credible basis to allege, nor evidence to support, a COMI finding for the Foreign Debtor in any jurisdiction other than Canada.

**III.    This Case Was Commenced by the Foreign Debtor's Foreign Representative**

36.     This Chapter 15 case was commenced by a duly authorized "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code. That section provides as follows:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

37.     As reflected in the Certificate of Appointment, the Petitioner is authorized by the Canadian law to act as the foreign representative of the Foreign Debtor. Thus, the Petitioner has met the requirements of Section 101(24) of the Bankruptcy Code. *Cf. In re SPhinX. Ltd.,* 351 B.R. 103, 116-17 (Bankr. S.D.N.Y. 2006), *aff'd* 371 B.R. 10 (S.D.N.Y. 2007) (noting that the foreign representatives had submitted a "copy of the Cayman Court's order appointing them to

-12-

administer the Debtor's winding up under the Companies Law and authorizing their commencement of these chapter 15 cases, thereby satisfying Bankruptcy Code § 101 (24)").

## IV. This Chapter 15 Case was Properly Commenced

38.     The Petitioner filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* in compliance with sections 1504, 1509(a), and 1515 of the Bankruptcy Code.  The Verified Petition meets the requirements of section 1515 and Bankruptcy Rule 1007(a)(4) as it was accompanied by: (a) Certificate of Appointment evidencing the commencement of the Canadian Proceeding and authorizing the Petitioner to be the foreign representative; and, as set forth in the Declaration, (b) a statement identifying all foreign proceedings known to the Petitioner with respect to the Foreign Debtor; (c) a corporate ownership statement; and (d) (i) a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Foreign Debtor, (ii) all parties to litigation pending in the United States, and (iii) all parties against whom provisional relief is sought pursuant to section 1519 of the Bankruptcy Code.  Because the Petitioner has satisfied the requirements set forth in section 1515 of the Bankruptcy Code, it has properly commenced this Chapter 15 case.

## V. Recognition of the Canadian Proceeding is Not Manifestly Contrary to U.S. Public Policy

39.     Section 1506 of the Bankruptcy Code provides that nothing in Chapter 15 requires this Court to take any action that would be manifestly contrary to the public policy of the United States. 11 U.S.C. § 1506. "[F]ederal courts in the United States have uniformly adopted the narrow application of the public policy exception." *In re OAS S.A.,* 533 B.R. at 103 (citing *Fairfield Sentry,* 714 F.3d at 139).  The relief requested by the Petitioner is not manifestly contrary to, but rather consistent with, United States public policy.  *Cornfeld v. Investors Overseas Servs., Ltd.,* 471 F.

125526043

Supp. 1255, 1259 (S.D.N.Y. 1979) (recognizing that a Canadian liquidation proceeding would not violate the laws or public policy of New York or the United States).

40.     One of the fundamental goals of the Bankruptcy Code is the centralization of administration of a company's affairs and allowing for a uniform distribution of that company's assets.  *See, e.g., In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 989 (2d Cir. 1990).  Here, the Canadian Proceeding provides for such a uniform distribution scheme.  The relief sought from this Court is nothing more than implementation of those distributions in the United States.

41.     Accordingly, the relief requested herein would further the objectives of Chapter 15 by assisting the implementation and administration of the Canadian Proceeding.

## **<u>CONCLUSION</u>**

WHEREFORE, the Petitioner respectfully requests that this Court (a) grant the relief requested in the Verified Petition and enter an order in the form attached hereto as **<u>Exhibit A</u>** and (b) grant such other and further relief and additional assistance as this Court may deem just and proper.

-14-

Dated: April 21, 2022

/s/ Andrew L. Buck
Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Andrew.buck@troutman.com
Joseph.defazio@troutman.com

Matthew R. Brooks (*pro hac vice* forthcoming)
Nathaniel T. DeLoatch (*pro hac vice* forthcoming)
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

125526043

## Exhibit A

Proposed Order

Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Andrew.buck@troutman.com
Joseph.defazio@troutman.com

Matthew R. Brooks (*pro hac vice* forthcoming)
Nathaniel T. DeLoatch (*pro hac vice* forthcoming)
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

*Attorneys for A. Farber & Partners Inc.*
*In its capacity as Foreign Representative of Foreign Debtor, Sunwave Gas & Power Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| SUNWAVE GAS & POWER INC., | Case No. |
| Debtor In a Foreign Proceeding. | |

## <u>ORDER (I) RECOGNIZING FOREIGN MAIN PROCEEDING, (II) RECOGNIZING FOREIGN REPRESENTATIVE, AND (III) GRANTING RELATED RELIEF</u>

This matter was brought by A. Farber & Partners Inc., as the duly authorized foreign representative (the "Petitioner") for Sunwave Gas & Power Inc. (the "Debtor"), upon its filing, on behalf of the Debtor, of the Verified Petition for Recognition of Foreign Main Proceeding (the "Petition") pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 15 case (the "Chapter 15 Case").[1]

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Petition (D.I. [●]).

The Court has reviewed the Petition along with the other papers, pleadings and exhibits submitted by the Petitioner in support of thereof (collectively, the "Supporting Papers") including, among other things: (i) Declaration of Foreign Representative Pursuant To 11 U.S.C. § 1515 And Rule 1007(A)(4) Of The Federal Rules Of Bankruptcy Procedure And In Support Of Verified Petition For Recognition Of Foreign Main Proceeding; (ii) Application For Entry of an Order (I) Scheduling Recognition Hearing, (II) Specifying Deadline For Filing Objections and (III) Specifying Form And Manner Of Service (the "Notice Application"); and (iii) Expedited Request for Provisional Relief Under Sections 105(a) and 1519 of the Bankruptcy Code.

For good cause shown, the Court finds and concludes as follows:

a.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

b.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

c.   Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

d.   Good, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given pursuant to Local Rules 2002-4 and 9078- 1 and Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure.

e.   The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

f.   Pursuant to section 1517(a)(2) of the Bankruptcy Code, the Petitioner is a "person" within the meaning of section 101(41) of the Bankruptcy Code, and the Petitioner is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

g.   The Canadian Proceeding currently pending before the Canadian Court is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Court

-2-

h.    The Canadian Proceeding is pending in Canada, where the Debtor's "center of main interests," as that term is used in section 1517(b)(1) of the Bankruptcy Code, is located, and, accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

i.    The Debtor is entitled to all of the relief provided under sections 1520 and 1521(a)(1) and (2) of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors and stakeholders.

Therefore, it is hereby ordered that:

1.    The Petition is **GRANTED**.

2.    The Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3.    The Canadian Proceeding is recognized as a "foreign main proceeding" (as defined in section 1502(a)(4) of the Bankruptcy Code) pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

4.    The Petitioner is recognized, on a final basis, as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code.

5.    The Debtor is entitled to all of the relief provided under sections 1520 and 1521 of the Bankruptcy Code, without limitation.

6.      Upon entry of this Order, the Canadian Proceeding is shall be and hereby is granted comity and given fill force and effect in the United States and, pursuant to section 1520 of the Bankruptcy Code, among other things:

   a.      The protections of section 361 and 362 of the Bankruptcy Code apply to the Foreign Debtor;

   b.      all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Foreign Debtor's property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Foreign Debtor's assets or agreements in the United States without the express consent of the Petitioner; and

   c.      all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Foreign Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Foreign Debtor or its assets or proceeds thereof.

7.      The Petitioner and the Foreign Debtor shall be entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) of the Bankruptcy Code and, accordingly, the Petitioner:

   a.      is entrusted with the administration or realization of all or part of the Foreign Debtor's assets located in the United States; and

   b.      has the right and power to examine witnesses, take evidence, or deliver information concerning the Foreign Debtor's assets, affairs, rights, obligations, or liabilities.

125526043

8.      The Petitioner is hereby established as the representative of the Foreign Debtor with full authority to administer the Foreign Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Foreign Debtor's prepetition and postpetition obligations.

9.      The Petitioner, the Foreign Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

10.     No action taken by the Petitioner, the Foreign Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, this chapter 15 case, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Petitioner, including, without limitation, pursuant to section 1510 of the Bankruptcy Code.

11.     The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with any public policy of the United States, warranted pursuant to sections 1507(a), 1509(b)(2)-(3), 1520, 1521(a), and 1522 of the Bankruptcy Code, and will not cause hardship to creditors of the Foreign Debtor, or to any other parties in interest, in each case that is not outweighed by the benefits of granting such relief.

12.     Pursuant to section 1521(a)(6), any additional relief granted under section 1519(a) is hereby extended.

13.     The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

125526043

15.     This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

16.     This Court shall retain jurisdiction with respect to the enforcement, amendment, interpretation or modification of this Order, any requests for additional relief, any adversary proceeding in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

17.     The Petitioner shall provide service and notice of this Order by first class mail, postage prepaid, upon the Chapter 15 Notice Parties as defined in the Notice Application.

Dated: _____, 2022
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

125526043