Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON
STANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone:  212-704-6000
joseph.defazio@troutman.com

*Counsel to the Foreign Representative*

Matthew R. Brooks (*pro hac vice*
forthcoming)
Nathaniel T. DeLoatch (*pro hac vice*
forthcoming)
TROUTMAN PEPPER HAMILTON
STANDERS LLP
600 Peachtree St., NE, Ste. 3000
Atlanta, GA 30308
Telephone:  404-885-3000
matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| Sunwave Gas & Power, Inc. | ) Case No. |
| | ) |
| | ) |
| | ) |
| | ) |
| Debtor in a Foreign Proceeding | ) |
| | ) |

**DECLARATION OF FOREIGN REPRESENTATIVE**
**PURSUANT TO 11 U.S.C. § 1515 AND RULE 1007(A)(4) OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND IN**
**SUPPORT OF VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN**
**PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III)**
**RELATED RELIEF AND MEMORANDUM OF LAW IN SUPPORT**

I, Allan Nackan, to the best of my information and belief, state as follows:

1.      I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration based upon my own personal knowledge except for those portions specified as being otherwise.  I am making this declaration in accordance with section 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      I am a partner with the firm of A. Farber & Partners, Inc. ("Farber").  Farber is the duly appointed trustee and foreign representative (the "Trustee") of the above-captioned foreign debtor (the "Foreign Debtor").  The Foreign Debtor is currently in a voluntary bankruptcy administration proceeding under Section 49 of Canada's Bankruptcy and Insolvency Act (R.S.C., 1985, c. B-3) (the "Bankruptcy and Insolvency Act"), File No.  31-2806899 (the "Canadian Proceeding").  The Trustee is the foreign representative of the Foreign Debtor and is authorized to commence this chapter 15 case.

3.      I submit this declaration in support of: (a) the Official Form 401 Chapter 15 Petition for Recognition of a Foreign Proceeding; (b) Verified Petition For (I) Recognition of Foreign Main Proceeding, (II) Recognition Of Foreign Representative, and (III) Related Relief and Memorandum of Law In Support (the "Verified Petition"); (c) Foreign Debtor's Application for Entry of an Order (I) Scheduling Recognition Hearing, (II) Specifying Deadline for Filing Objections, (III) Specifying Form and Manner of Service and (IV) Granting Related Relief; and (d) Petitioner's Expedited Request for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code.

## BACKGROUND

### A.      The Foreign Debtor

4.      Based upon information I have learned in my role as Trustee of the estate of the

Foreign Debtor, I understand that the Foreign Debtor is an entity registered and incorporated in Canada. The Foreign Debtor's registered office is located at 401 Bay Street, Suite 2410, Toronto, Canada M5H 2Y4 Canada. The Foreign Debtor is no longer operating and only maintains a registered office for service. The mailing address is P.O. Box 47584, RPO Don Mills, Toronto, Ontario, Canada M3C 1S7.

5.      The Foreign Debtor is a wholly owned subsidiary of ONEnergy Inc.,[1] a Canadian public company listed on the NEX Board of the TSX Venture Exchange ("OEG"). OEG owns 100% of the issued and outstanding shares of the Foreign Debtor.

6.      First beginning in 2012, the Foreign Debtor operated a natural gas and electricity retail supply business in Ontario, Canada. In 2014, the electric retail supply business was expanded into the Northeast United States through US-based subsidiaries ("Sunwave US") that were wholly owned by the Foreign Debtor. Sunwave US posted operating losses from 2014 to 2018, and, as a result, the Foreign Debtor marketed Sunwave US for sale.

7.      In March 2019, the Foreign Debtor closed on the sale of Sunwave US to C Wave Power & Gas Inc. ("CWave"). As part of the sale process, the Foreign Debtor entered into a Transition Services Agreement ("TSA") with CWave – the purpose of which was to provide financial support to Sunwave US from January 2019 through the close of the sale in March 2019. At the close of the sale, negative working capital in Sunwave US exceeded the purchase price to CWave and, as a result, the Foreign Debtor executed an unsecured promissory note in favor of CWave for certain unpaid amounts owing under the TSA (the "CWave Note").

8.      Subsequently, the Foreign Debtor engaged in efforts to find a buyer for its Canadian operations. However, those efforts were not successful and ultimately the Foreign Debtor began winding down its Canadian operations in December 2019. Following several failed efforts to

---

[1] Canadian public company – NEX:OEG.H.

3

recapitalize and restart its operations, the Foreign Debtor filed an assignment in bankruptcy under

the Bankruptcy and Insolvency Act on February 23, 2022 (the "Canadian Insolvency Proceeding").

9.      I understand that the Foreign Debtor is primarily controlled by, and decision-

making is made from, its principal place of business in Canada.  The Foreign Debtor currently has

no employees, no active operations nor material assets.  The financial and administrative support

for the Foreign Debtor is provided by its parent, OEG, whose employees, assets, administrative

functions, including accounting, financial reporting, budgeting, and cash management, are all

conducted in Canada.

**B.      The Foreign Debtor's Assets and Activities in the United States**

10.     The Foreign Debtor does not have a principal place of business in the United States.

Management and business decisions relating to the Foreign Debtor are made by OEG which has

the same registered office as the Foreign Debtor.

11.     While the Foreign Debtor does not maintain any assets or operations in the United

States, the CWave Note, executed by the Foreign Debtor, is governed by the laws of the State of

New York and provides that the Foreign Debtor submits to the exclusive jurisdiction of the court

of the State of New York, New York County in connection with any actions arising out of or in

connection with the CWave Note.

12.     On March 2, 2022, CWave commenced an action for repayment of the CWave Note

against the Foreign Debtor in the Supreme Court for the State of New York, New York County,

captioned as follows:  Sunwave USA Holdings, Inc. and C Wave Power & Gas, Inc. v. Sunwave

Gas & Power, Inc. and ONEnergy, Inc. Index No.: 650988/2022 (the "NY Litigation").  The NY

Litigation remains pending.

**C.      Overview of the Canadian Insolvency Process**

13.     On February 23, 2022, the Foreign Debtor commenced the Canadian Proceeding

4

pursuant to Canada's Bankruptcy and Insolvency Act (R.S.C., 1985, c. B-3), which is the Canadian

law that provides for the liquidation of the assets of an entity and the distribution of the proceeds

in a fair and orderly manner among the entity's creditors.    Proceedings under the Canadian

Bankruptcy and Insolvency Act are judicial in nature and are supervised by the Canadian

Bankruptcy Office and the Canadian bankruptcy courts.   They are conducted in the foreign country

and the Canadian Court exercises its supervisory powers over the affairs and assets of the Foreign

Debtor through the appointment and supervision of the Trustee.

14.    Specifically, while the proceedings generally commence outside of court, the assets

and affairs of the Debtor are subject to the control and supervision of the Canadian Bankruptcy

Court and the Canadian Bankruptcy Proceeding is ultimately subject to the jurisdiction of the

Canadian Bankruptcy Court, from which the Debtor or the Petitioner may seek relief. Accordingly,

the Debtor's Canadian Bankruptcy Proceeding qualifies as a judicial proceeding in a foreign

country.

15.    The Canadian Insolvency Proceeding commences with the appointment of a

licensed insolvency Trustee, with whom all assets of the debtor vest.  The Trustee is empowered

with the full powers of the debtor's board and officers.  The powers of the company officers and

directors are suspended and only the Trustee may deal with the company's property during the

administration, subject to the interests of the secured creditors.

16.    Foreign Debtor's center of main interests ("COMI") is Canada. Specifically, I am

informed and believe that Canada is the Foreign Debtor's registered office with an address of 401

Bay Street, Suite 2410, Toronto, Canada M5H 2Y4 Canada and its habitual place of business

continues to be in Canada at this time.  Moreover, the Foreign Debtor's principal place of business

was formerly located at 301-155 Gordon Baker Road, North York, Ontario, Canada.  The Foreign

Debtor is managed by its parent company, ONEnergy, Inc. which is a Canadian company,

headquartered in Toronto, Canada, with its registered office located at 401 Bay Street, Suite 2410, Toronto, Canada M5H 2Y4 Canada.  Accordingly, there is no question that Foreign Debtor's COMI is Canada.

17.     Following the appointment, the primary goals of the trustee are to protect the company's business, property, assets and affairs so that they may be administered in a way that maximizes the realization of the assets for the benefit of the creditors and facilitates an orderly distribution. The proceedings are collective in nature in that all creditors of the business are allowed to participate.

18.     Once appointed, the trustee's duties include the following:

i)      notifying all creditors of the bankruptcy and of the first meeting of creditors;

ii)     posting a notice in a newspaper located in the jurisdiction of the company advising of the bankruptcy and of the first meeting of creditors, where inspectors may be appointed who represent the interests of all creditors;

iii)    chairing the first meeting of creditors;

iv)     reviewing the financial transactions for the 12 months immediately preceding the bankruptcy for any impeachable transactions;

v)      should any impeachable transactions be noted, report to the appointed inspectors and request instructions for dealing with same;

vi)     should no inspectors be appointed, report findings to the creditors and request instructions for dealing with same; and

v)      report on the file administration to the Office of the Superintendent of Bankruptcy and to the Court.

**D.      Status of the Administration of the Foreign Debtor's Canadian Proceeding**

19.     As noted above, the Foreign Debtor filed a voluntary assignment in bankruptcy on February 23, 2022 and Farber was appointed Trustee over the Foreign Debtor pursuant to the *Certificate of Appointment from the Office of the Superintendent of Bankruptcy Canada* (the "Certificate of Appointment"), a true and correct certified copy of which is attached hereto as **Exhibit A**.

6

125535815v2

20.    The Canadian insolvency process requires an initial meeting of creditors, similar to the process of a chapter 11 proceeding in the United States.  The Foreign Debtor's first meeting of creditors occurred on March 15, 2022.

21.    There are no other material events that have occurred or are pending in the Canadian Proceeding. The Trustee anticipates completion of its administration of the file within the next 12 months.

**E.    The Foreign Debtor's Property in the United States**

22.    As stated above, the Foreign Debtor is obligated on an outstanding unsecured note that is governed by New York law (the CWave Note).  The CWave Note is governed by New York law and contains a New York forum selection clause.

**II.    Disclosure Pursuant to Bankruptcy Rule 1007(a)(4).**

23.    I am informed that Bankruptcy Rule 1007(a)(4) provides, as follows:

> In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

24.    I am further informed that Bankruptcy Rule 7007.1 provides in pertinent part that a corporate ownership statement:

> . . . identif[y] any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

**A.    Corporate Ownership Statement**

25.    In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(A), the

7

following is a corporate ownership statement of the Foreign Debtor, which identifies any

corporation that directly or indirectly owns 10 percent or more of any class of the Foreign Debtor's

equity interests as of the Petition Date:

26.     To the best of the Trustee's knowledge and belief, as of the Petition Date, the

following corporations directly or indirectly own 10% or more of the equity interests in the Foreign

Debtor: 100% ownership by ONEnergy, Inc.   Arthur Silber owns 11.6% and Canyon Creek

Management Inc. owns directly or indirectly 10% or more of the equity interests in ONEnergy,

Inc.

27.     Attached hereto as **Exhibit B** is an organizational chart reflecting all of the

ownership interests of the Foreign Debtor and its non-Debtor affiliates as of the Petition Date. The

Foreign Debtor does not directly or indirectly own 10% or more of any class of equity of a

corporation whose securities are publicly traded.

**B.      List of Administrators.**

28.     In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), the

Trustee shall maintain control of and be authorized to administer the Canadian Insolvency

Proceeding. The service address for the Debtor in this chapter 15 case is:  A. Farber & Partners,

Inc., 150 York Street, Suite 1600, Toronto, Ontario M5H 3S5. I am not aware of any other persons

or bodies authorized to administer the Canadian Insolvency Proceeding on behalf of the Foreign

Debtor.

**C.      Parties to Litigation Pending.**

29.     As of the Petition Date, the Foreign Debtor is a party to the NY Litigation.  The

complaint response deadline has been extended until May 10, 2022.  The parties to the NY

Litigation are: C Wave Power & Gas Inc.; Sunwave USA Holdings, Inc.; the Foreign Debtor; and

ONEnergy, Inc

**D.    Parties Against Whom Provisional Relief is Sought.**

30.    In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), Foreign Debtor states that it seeks provisional relief under section 1519 as to C Wave Power & Gas Inc., Sunwave USA Holdings, Inc., and the parties to the NY Litigation, as set forth in the *Petitioner's Expedited Request for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy* Code, filed contemporaneously herewith.

*[Remainder of page intentionally left blank]*

9

125535815v2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my information and belief.

Dated:  April 21, 2022

/s/ _____
Allan Nackan
in his capacity as Trustee
of the Estate of the Foreign Debtor

10

EXHIBIT A

Certificate of Appointment

125535815v2

I HEREBY CERTIFY THIS TO BE A TRUE COPY

**Peacock, Colin**

Peacock, Colin
Certified as a True Copy
city of London, Ontario
2022.04.08 11:43:44-04'00'

OFFICIAL RECEIVER / SÉQUESTRE OFFICIEL



**Industry Canada**

**Office of the Superintendent
of Bankruptcy Canada**

**Industrie Canada**

**Bureau du surintendant
des faillites Canada**

```
District of:  ONTARIO
Division No.:  09 - Toronto
Court No.:  31-2806899
Estate No.:  31-2806899
```

In the Matter of the Bankruptcy of:

Sunwave Gas & Power Inc.

Debtor

A. FARBER & PARTNERS INC.

Licensed Insolvency Trustee

ORDINARY    ADMINISTRATION

Security: $*,***

```
Date and time of bankruptcy:    February 23, 2022, 12:23
Date of trustee appointment:    February 23, 2022
Meeting of creditors:     March 15, 2022, 11:00
                          Meeting Via Zoom
                          Meeting ID 8343837 PIN 395966, ONTARIO
```

Chair: Trustee

CERTIFICATE OF APPOINTMENT Section 49 of the Act; Rule  85

I, the undersigned, official receiver in and for this bankruptcy district, do hereby
certify, that:
- the aforenamed debtor filed an assignment under section 49 of the Bankruptcy and
  Insolvency Act;
- the aforenamed trustee was duly appointed trustee of the estate of the  debtor.


The said trustee is required:
- to provide to me, without delay, security in the aforementioned amount;
- to send to all creditors, within five days after the date of the trustee's
  appointment, a notice of the bankruptcy; and
- when applicable, to call in the prescribed manner a first meeting of creditors,
  to be held at the aforementioned time and place or at any other time and place
  that may be later requested by the official receiver.

E-File / Dépôt électronique                                    Official Receiver

151 Yonge Street, 4th Floor, Toronto, ONTARIO, M5C 2W7, 877/376-9902



EXHIBIT B

Organization Chart



Note: all subsidiaries are wholly-owned by ONEnergy