Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON
STANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone:  212-704-6000
Andrew.buck@troutman.com
joseph.defazio@troutman.com

*Counsel to the Foreign Representative*

Matthew R. Brooks (*pro hac vice* forthcoming)
Nathaniel T. DeLoatch (*pro hac vice* forthcoming)
TROUTMAN PEPPER HAMILTON
STANDERS LLP
600 Peachtree St., NE, Ste. 3000
Atlanta, GA 30308
Telephone:  404-885-3000
matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNWAVE GAS & POWER INC.,<br><br>Debtor In a Foreign Proceeding. | Chapter 15<br><br>Case No. |

**PETITIONER'S EXPEDITED REQUEST FOR PROVISIONAL RELIEF PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE**

A. Farber & Partners Inc., as the duly authorized foreign representative (the "Foreign Representative" or the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Sunwave Gas & Power Inc. ("Foreign Debtor"), hereby moves (the "Motion") this Court, pursuant to sections 105(a) and 1519 of the Bankruptcy Code (a) for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Provisional Relief Order"), (i) granting provisional relief in the form of an order imposing the automatic stay under section 362 of the Bankruptcy Code upon all actions, and (ii) granting such other and further relief as this Court deems just and proper, and (b) for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit B**, granting Petitioner's request to consider the Motion on an expedited basis.

In support of this Motion, the Petitioner relies upon (i) the *Verified Petition For (I) Recognition Of Foreign Main Proceeding, (II) Recognition Of Foreign Representative, And (III) Related Relief and Memorandum Of Law In Support* (the "Verified Petition"),[1] and (ii) *Declaration of Foreign Representative Pursuant To 11 U.S.C. § 1515 And Rule 1007(A)(4) Of Declaration of Foreign Representative Pursuant To 11 U.S.C. § 1515 And Rule 1007(A)(4) of The Federal Rules of Bankruptcy Procedure and In Support of Verified Petition (I) For Recognition Of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief and Memorandum of Law in Support* (the "Declaration"), each of which was filed contemporaneously herewith and is incorporated herein by reference.  In further support of the relief requested herein, the Petitioner respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2. The Petitioner and the Foreign Debtor confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The Petitioner properly commenced this chapter 15 case pursuant to Sections 1504 and 1509 of the Bankruptcy Code by filing the Petition for recognition of the foreign

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Verified Petition.

125524836v4

main proceeding pending against the Foreign Debtor under Canada's Bankruptcy and Insolvency Act.

4.     This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before the Court, pursuant to 28 U.S.C. § 1410, given that the Foreign Debtor is (i) obligated on the CWave Note (defined below), which is governed by New York state law and contains a New York forum selection clause, and (ii) subject to pending litigation in New York State Court pertaining to the CWave Note.

5.     The statutory predicates for the relief requested herein are sections 105(a), 1507, 1519, and 1521 of the Bankruptcy Code.

## BACKGROUND[2]

6.     The Foreign Debtor is a foreign entity registered and incorporated in Canada. Beginning in 2012, Foreign Debtor operated a natural gas and electricity supply business in Ontario, Canada. In or around 2014, the electric retail supply business was expanded into the Northeast United States through US-based subsidiaries ("Sunwave US") which were wholly owned by the Foreign Debtor. The Sunwave US venture was not successful as Sunwave US posted operating losses from its inception in 2014 to 2018. Consequently, Foreign Debtor marketed Sunwave US for sale.

7.     In March 2019, Foreign Debtor closed on the sale of Sunwave US to C Wave Power & Gas Inc. ("CWave"). As a part of the sale process, Foreign Debtor entered into a *Transition Services Agreement* ("TSA") with CWave – the purpose of which was to provide Sunwave US with financial support from January 2019 through the close of the sale in March 2019. At the close of the sale, negative working capital in Sunwave US exceeded the purchase

---

[2] The history of this chapter 15 filing is set forth in detail in the Memorandum.

price to CWave. Consequently, Foreign Debtor executed an unsecured promissory note in favor of CWave for certain unpaid amounts owing under the TSA (the "CWave Note"). The CWave Note is governed by the laws of the state of New York and provides that Foreign Debtor submits to the exclusive jurisdiction of the State of New York, New York County in connection with any actions arising out of or in connection with the CWave Note.

8. Subsequently, Foreign Debtor attempted to find a purchaser for its Canadian operations but was ultimately unsuccessful in doing so. As a result, in December 2019, the Foreign Debtor began the process of winding down its Canadian operations –its remaining operations.

9. Notwithstanding, Foreign Debtor made several attempts to recapitalize and restart its Canadian operations in order to avoid the winding down. However, these efforts were unsuccessful.

10. On February 23, 2022, Foreign Debtor filed an assignment in bankruptcy pursuant to Section 49 of Canada's Bankruptcy and Insolvency Act (R.S.C., 1985, c. B-3) (the "Bankruptcy and Insolvency Act"). The Foreign Debtor was in financial difficulty, unable to meet its obligations as they became due. The Office of the Superintendent of Bankruptcy assigned Court Number 31-2806899.

11. Shortly thereafter, on March 2, 2022, CWave initiated against the Foreign Debtor an action by way of a *Motion for Summary Judgment in Lieu of Complaint* on the CWave Note in the Supreme Court for the State of New York, New York County, titled *Sunwave USA Holdings, Inc. and C Wave Power & Gas, Inc. v. Sunwave Gas & Power, Inc. and ONEnergy, Inc.*, Index No.: 650988/2022 (the "NY Litigation").

125524836v4

12.     The NY Litigation remains pending, with certain deadlines upcoming. Notably, the Foreign Debtor must respond to CWave's motion for summary judgment on or before May 10, 2022.  *See generally* NY Litigation.

## **RELIEF REQUESTED**

13.     By this Motion, Petitioner seeks entry of an order (i) granting provisional relief in the form of an order imposing the automatic stay under section 362 of the Bankruptcy Code upon all actions, including the NY Litigation, (ii) granting such other and further relief as this Court deems just and proper, and (iii) granting Petitioner's request to consider the Motion on an expedited basis on or before May 2, 2022.

## I.     **The Relief Requested Is Authorized by Sections 1519 And 105 Of The Bankruptcy Code**

14.     Upon this Court's final recognition of the Canadian Proceeding as a "foreign main proceeding," the automatic stay provided by section 362 of the Bankruptcy Code will immediately apply with respect to the Foreign Debtor and all of the Foreign Debtor's property that is within the territorial jurisdiction of the United States.  *See* 11 U.S.C. § 1520(a)(1).  However, unlike in a typical corporate reorganization case under Chapter 11 of the Bankruptcy Code, in an ancillary proceeding commenced under Chapter 15, no automatic stay protects the Foreign Debtor or its assets and operations in the United States during the period between the Petition Date and the date on which the Court enters an order recognizing the Canadian Proceeding as a foreign main proceeding.

15.     Therefore, to prevent irreparable harm during the "gap period" between commencement of a Chapter 15 proceeding and entry of an order recognizing the foreign proceeding, section 1519(a) of the Bankruptcy Code authorizes courts to grant "relief of a provisional nature" from the time of filing a petition for recognition until the court rules on the

petition, where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors," including "staying execution against the debtor's assets". 11 U.S.C. § 1519(a)(1).

16.     Courts commonly grant provisional relief through the staying of pending litigation to protect a debtor's assets and the interests of creditors until a recognition hearing can be held, especially when the absence of relief could allow a creditor to gain an unfair advantage over other creditors. *See In re Worldwide Educ. Services, Inc.*, 494 B.R. 494, 501-02 (Bankr. C.D. Cal. 2013); *In re Tibanne Co. Ltd.*, No. 15-10355 (REG) (Bankr. S.D.N.Y. Feb. 13, 2015) (granting injunction and finding that an attack on the debtor's assets in the United States would cause harm to the debtor's efforts to liquidate); *In re Sifco S.A.*, No. 14-11179 (REG) (Bankr. S.D.N.Y. May 7, 2014) (finding a material risk that creditors or other parties in interest would attempt to control or possess the debtor's assets existed absent an injunction).

17.     In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

## II.     The Foreign Debtor's Circumstances Satisfy the Standards For Injunctive Relief

18.     Relief under section 1519 is available where the foreign representative can satisfy the applicable standard for injunctive relief. 11 U.S.C. § 1519(e). To obtain injunctive relief, the movant must show: (1) a likelihood of success on the merits (*i.e.,* obtaining Chapter 15 recognition); (2) there is a risk of irreparable harm in the absence of relief; (3) a balance of the harms tips the movant's favor; and (4) public interest weighs in favor of an injunction. *Secured Worldwide LLC v. Kinney*, No. 15 CIV. 1761 CM, 2015 WL 1514738, at *10 (S.D.N.Y. Apr. 1, 2015) (citing *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008)). In considering whether to grant relief, courts take a "flexible approach and no one factor is determinative."

*Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.)*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (internal citations omitted). Here, all four factors weigh in favor of relief.

**A.    There Is A Likelihood of Success On the Merits.**

19.    There is a likelihood of success on the merits because the Canadian Proceeding should be recognized as a foreign main proceeding. A foreign proceeding must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests ("<u>COMI</u>"). *See* 11 U.S.C. § 1517(b)(l). Section 101(23) defines "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country . . . under a law relating to insolvency or adjustment of a debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 103(23). The Canadian Proceeding fits squarely within this definition. The Canadian Proceeding was filed pursuant to Canada's Bankruptcy and Insolvency Act which is similar to the United States Bankruptcy Code.

20.    The Canadian Proceeding is also pending in the country where the Foreign Debtor has its center of main interests. Although "center of main interests" is not defined in the Bankruptcy Code, a debtor's registered office is "presumed to be the center of the debtor's main interests." 11 U.S.C. § 1116(c). "Registered office' refers to the place of incorporation or the equivalent for an entity that is not a natural person." 8 Collier on Bankruptcy 1516.03 (16th ed. Rev. 2019) (citing H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 113 (2005)). Ultimately, the question centers on the place where the debtor is ascertainable by third parties. *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 136 (2d Cir. 2013) ("[t]he relevant principle . . . is that COMI lies where the debtor conducts its regular business, so that the place is ascertainable by third parties"); *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37 (Bankr. S.D.N.Y. 2008); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,

374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008); *In re SphinX, Ltd.*, 351 B.R. 103 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007).  Here, the Foreign Debtor's registered office is in Canada, where the Canadian Proceeding is pending.  Specifically, the Foreign Debtor's registered office is located at 401 Bay Street, Suite 2410, Toronto, Ontario, M5H 2Y4, Canada.

21.     Finally, this Chapter 15 case was duly and properly commenced by filing the Petition accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules.  Moreover, this Court regularly grants Chapter 15 recognition to proceedings pending under Canada's Bankruptcy and Insolvency Act.  Based on the foregoing, there is a high likelihood that the Canadian Proceeding will be recognized as a foreign main proceeding.

**B.     The Foreign Debtor Will Suffer Irreparable Harm Absent the Provisional Relief.**

22.     The Foreign Debtor initiated the Canadian Proceeding for the purpose of liquidating its assets and distributing the same to its creditors, akin to what would occur in a chapter 7 liquidation.  The Petitioner has been appointed the trustee over the Foreign Debtor, and the meeting of interested parties (similar to a section 341 meeting) was held on March 15, 2022.  The Petitioner contacted the Foreign Debtor's bank for the purpose of closing the bank accounts and has requested that any funds on hand be forwarded to the trustee.  There are no other assets available for realization.  The Foreign Debtor, and the Petitioner as its duly appointed trustee, seek nothing more than to effectuate the orderly, timely, and fair distribution of Foreign Debtor's assets to its creditors.

23.     The NY Litigation and the upcoming deadline to respond to the motion for summary judgement significantly hinder the Petitioner's ability to realize this objective as it is

causing resources to be directed away from the Canadian Proceeding and to the NY Litigation, which prejudices other creditors and gives CWave an unfair advantage that is at odds with both Canadian and United States bankruptcy laws. Permitting the NY Litigation to continue despite the pre-existence of the Canadian Proceeding thwarts the purpose of both the Canadian Proceeding and Chapter 15 of the Bankruptcy Code to the detriment of the Foreign Debtor's creditors. Courts in this district have regularly recognized that disruption to the distribution scheme contemplated by a foreign proceeding constitutes "irreparable harm" that warrants injunctive relief. *See, e.g., Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.,* 825 F.2d 709, 714 (2d Cir. 1987); *In re Brierley,* 145 B.R. 151, 168 (Bankr. S.D.N.Y. 1992) ("Harm to the estate exists from the failure to grant injunctive relief in the form of disruption of an orderly determination of claims and the fair distribution . . . in a single case.") (internal quotation marks and citation omitted).

24.     Accordingly, the second factor weighs in favor of provisional relief.

**C.     Granting The Provisional Relief Will Not Result in Greater Harm to Creditors.**

25.     The balancing of the hardships tips decidedly in favor of the Foreign Debtor. The Canadian Proceeding mirrors a liquidation under chapter 7. Thus, granting injunctive relief with respect to one creditor attempting to maximize its recovery is beneficial to all other creditors as it prevents the asset recovery pool from being unfairly diminished. Injunctive relief on a provisional basis will help preserve the Foreign Debtor's business and its estate for all interested parties. Absent the requested relief, the recovery of all creditors is threatened.

26.     Ultimately, parties seeking to act against the Foreign Debtor's assets will suffer little or no harm as they will be able to participate on equal footing with all creditors in the liquidation of the Foreign Debtor on an equitable basis. Accordingly, the third factor weighs in favor of granting relief.

125524836v4

### D. The Relief Requested is in the Public Interest.

27.     Finally, the requested provisional relief is consistent with the policy underlying bankruptcy law and is in the public interest because such relief will facilitate the efforts to preserve value for the ultimate benefit of a successful liquidation of the Foreign Debtor. *See In re ABC Learning Centers Ltd.,* 728 F.3d 301, 306 (3d Cir. 2013) (emphasizing that Chapter 15 serves the "universalism" approach to transnational bankruptcy, preferring that US courts act in aid of foreign proceedings); *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 284 (Bankr. S.D.N.Y. 2007) ("The public interest requires bankruptcy courts to consider the good of the case as a whole."). Moreover, granting the provisional relief also promotes cooperation between jurisdictions in this cross-border liquidation, an express purpose of Chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501. Accordingly, all four injunctive relief factors weigh in favor of immediate enforcement of the automatic stay as to the NY Litigation.

## III.     An Expedited Hearing Is Warranted Under the Circumstances

28.     As set forth above, the Petitioner has satisfied the standard for an award of injunctive relief by way of application of the automatic stay pursuant to sections 105(a), 362 and 1519(a). However, meaningful relief can only be provided to the Petitioner and Foreign Debtor if the Motion is heard on an expedited basis – prior to the May 10, 2022 deadline by which Petitioner and Foreign Debtor must respond to CWave's summary judgment motion. Consequently, Petitioner requests that the Court enter an order setting the Motion for hearing no later than May 2, 2022, with objections to the Motion being permitted any time before or during the hearing.

## NOTICE

29.     The Petitioner respectfully submits that there is sufficient cause to shorten notice and schedule a hearing on the Motion within the time requested above.

## CONCLUSION

**WHEREFORE**, the Petitioner respectfully requests this Court (i) grant provisional relief in the form of an order imposing the automatic stay under sections 105(a), 362, 1519(a) of the Bankruptcy Code upon the commencement or continuation of any judicial, administrative, or other action or proceeding, including but not limited to the NY Litigation, substantially in the form of the order attached hereto as Exhibit A; (ii) granting Petitioner's request to consider the Motion on an expedited basis on or before May 2, 2022, substantially in the form of the order attached hereto as Exhibit B; and (iii) granting such other and further relief as this Court deems just and proper.

*[Signature on following page]*

125524836v4

Dated: April 21, 2022

/s/ Andrew L. Buck
Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Joseph.defazio@troutman.com

Matthew R. Brooks (*pro hac vice* forthcoming)
Nathaniel T. DeLoatch (*pro hac vice* forthcoming)
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

*Counsel to the Petitioner A. Farber & Partners Inc.*

125524836v4

# EXHIBIT A

Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Joseph.defazio@troutman.com

Matthew R. Brooks
Nathaniel T. DeLoatch
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

*Attorneys for A. Farber & Partners Inc.*
*In its capacity as Foreign Representative of Foreign Debtor, Sunwave Gas & Power Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| SUNWAVE GAS & POWER INC., | Case No. |
| Debtor In a Foreign Proceeding. | |

      Upon the motion (the "<u>Motion</u>")[1] of A. Farber & Partners Inc. (the "<u>Petitioner</u>"), in its

capacity as the duly authorized representative of Sunwave Gas & Power Inc. (the "<u>Foreign</u>

<u>Debtor</u>") for entry of an order granting provisional relief pursuant to sections 105(a) and 1519(a)

of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with section 1334 of title 28 of the United States Code, sections

109 and 1519 of the Bankruptcy Code, and the *Amended Standing Order of Reference from the*

*United States District Court for the District of New York*, dated as of January 31, 2012 (the

"<u>Amended Standing Order</u>"); and consideration of the Motion and the relief requested therein

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

being a core proceeding pursuant to section 157(b) of title 28 of the United States Code; and due and proper notice of the Motion having been provided under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon (i) the *Verified Petition for Recognition of Foreign Main Proceeding* (the "Petition") (ii) *Declaration of Foreign Representative Pursuant To 11 U.S.C. § 1515 And Rule 1007(A)(4) Of The Federal Rules Of Bankruptcy Procedure And In Support Of Verified Petition For Recognition Of Foreign Main Proceeding* (the "Declaration"), (iii) *Memorandum of Law in Support of Petitioner's Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* ("Memorandum") (collectively, the "Chapter 15 Papers"), filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings before the Court in this Chapter 15 case; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Foreign Debtor, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction to consider this matter pursuant to section 1334 of title 28 of the United States Code and the Amended Standing Order.

C.     This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

D.     Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

E.     Service of the Motion was due, proper, and sufficient under the circumstances and no other notice is required.

F.     The Petitioner has demonstrated a substantial likelihood of success on the merits that (a) the Canadian Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Petitioner is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the Canadian Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, and (d) upon recognition of the Canadian Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in this Chapter 15 case pursuant to section 1520(a)(l) of the Bankruptcy Code.

G.     The Petitioner has demonstrated that (a) the relief granted hereby would permit the fair and efficient administration of the Canadian Proceeding for the benefit of all interested parties and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein. Moreover, absent the relief granted hereby, the Petitioner's efforts to liquidate the Foreign Debtor in accordance with Canada Bankruptcy and Insolvency Act would be impeded and hindered, a result that would be contrary to the purposes of Chapter 15 as set forth in, *inter alia,* section 1501(a) of the Bankruptcy Code.  Such actions or inactions could threaten, frustrate, delay, and impede the

Canadian Proceeding, and, as a result, the Petitioner, the Foreign Debtor and other parties in interest would suffer irreparable harm for which there is no adequate remedy at law.

H.      The Petitioner has also demonstrated that the relief granted hereby (i) is urgently needed to protect the interests of the Petitioner, the Foreign Debtor, and its stakeholders, (ii) is essential to the success of the Canadian Proceeding, (iii) is an integral element of the Canadian Proceeding, and (iv) confers material benefits on and is in the best interests of the Petitioner and the Foreign Debtor, its stakeholders, and creditors.

I.      In addition, the Petitioner has demonstrated that (i) the interests of the Foreign Debtor, the Foreign Debtor's creditors, and other interested parties are sufficiently protected, and (ii) no injury will result to any party that is greater than the harm to the Foreign Debtor's assets and property in the absence of the relief requested in the Motion.

J.      The interests of the public and public policy of United States will be served by entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      The automatic stay under section 362 of the Bankruptcy Code is hereby given full force and effect on a provisional basis in the United States until otherwise ordered by this Court.

3.      No person or entity shall commence or continue any judicial, administrative, or other action or proceeding, including but not limited to the NY Litigation, against the Foreign Debtor that was or could have been commenced before the commencement of this chapter 15 case, or to recover a claim against the Foreign Debtor that arose before the commencement of this chapter 15 case, or any other action prohibited under section 362 of the Bankruptcy Code.

-4-

4.      No action taken by the Petitioner in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Canadian Proceeding or any other orders of the Canadian Court, or any order entered in this Chapter 15 case or in any adversary proceedings or contested matters in connection therewith, shall be deemed to constitute a waiver of the immunity afforded the Petitioner pursuant to sections 306 and 1510 of the Bankruptcy Code.

5.      Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____ 2022      _____
        New York, New York                Honorable _____
                                          United States Bankruptcy Judge

125524836v4

**EXHIBIT B**

125524836v4

Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Joseph.defazio@troutman.com

Matthew R. Brooks
Nathaniel T. DeLoatch
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.brooks@troutman.com
Nathan.deloatch@troutman.com

*Attorneys for A. Farber & Partners Inc.*
*In its capacity as Foreign Representative of Foreign Debtor, Sunwave Gas & Power Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNWAVE GAS & POWER INC.,<br><br>Debtor In a Foreign Proceeding. | Chapter 15<br><br>Case No. |

## ORDER GRANTING REQUEST FOR EXPEDITED HEARING

Upon consideration of A. Farber & Partners Inc., as the duly authorized foreign representative (the "Petitioner"), Expedited Request for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code (the "Motion"), and it appearing necessary that the Motion be heard on an expedited basis, after due deliberation and cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The request for an expedited hearing on the Motion is GRANTED as set forth herein.

2.      A hearing on the Motion is scheduled for _____, 2022 at _____:_____ ____.m.  prevailing Eastern Time) (the "Hearing Date") before the Honorable [•]

-7-

at the United States Bankruptcy Court for the Southern District of New York, , [•] Floor, Courtroom No. [•], New York, New York 10004.

3. Objections to the Motion are permitted up to Hearing Date and may be submitted orally during the course of the hearing on the Motion.

Dated: _____ 2022
          New York, New York

_____
Honorable _____
United States Bankruptcy Judge

125524836v4