# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SUNWAVE GAS & POWER INC.,<br><br>Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10491 (JLG) |

## LIMITED OBJECTION TO PETITIONER'S EXPEDITED REQUEST FOR PROVISIONAL RELIEF PURSUANT TO SECTIONS 105(A) AND 1519 OF THE BANKRUPTCY CODE

C Wave Power & Gas, Inc. ("C-Wave") hereby files this limited objection to the *Expedited Request for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [Docket No. 10] (the "Motion") filed by A. Farber & Partners Inc., as the duly authorized foreign representative (the "Foreign Representative") of Sunwave Gas & Power Inc. (the "Foreign Debtor").[1] In support of this limited objection, C-Wave states as follows:

### Background

1. As noted in the Motion, C-Wave is a plaintiff in the NY Litigation, which was commenced against the Foreign Debtor, as well as against non-debtor defendant ONEnergy, Inc. ("OEG"), in the Supreme Court for the State of New York, New York County (the "State Court"). C-Wave commenced the NY Litigation on March 2, 2022 by filing a Motion for Summary Judgment in Lieu of Complaint (the "Summary Judgment Motion") pursuant to CPLR 3213. Pursuant to a stipulation between the parties dated April 18, 2022, the deadline for the Foreign Debtor and OEG to respond to the Summary Judgment Motion is currently May 10, 2022 and a hearing is scheduled for May 17, 2022.

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning ascribed to such terms as in the Motion.

2. On April 22, 2022, the Foreign Debtor filed the Motion seeking, *inter alia*, a stay of the NY Litigation pursuant to sections 362 and 1519 of the Bankruptcy Code. *See Motion*, ¶ 13. Specifically, the Provisional Relief Order attached to the Motion provides, in relevant part, that

> No person or entity shall commence or continue any judicial, administrative, or other action or proceeding, including but not limited to the NY Litigation, against the Foreign Debtor that was or could have been commenced before the commencement of this chapter 15 case, or to recover a claim against the Foreign Debtor that arose before the commencement of this chapter 15 case, or any other action prohibited under section 362 of the Bankruptcy Code.

*Motion*, Exhibit A, ¶ 3. The deadline for parties to oppose the Motion was 12:00 p.m. ET on May 3, 2022 (the "Objection Deadline"). *See* Docket No. 11.

3. On April 29, 2022 and May 3, 2022, undersigned counsel communicated with counsel for the Foreign Debtor and requested that additional language be added to the Provisional Relief Order to clarify that the requested stay does not extend to OEG and that the NY Litigation can continue against that entity. Counsel for the Foreign Debtor disagreed, and stated its intention to file a separate "supplemental brief" in support of its request that the automatic stay be extended to OEG. Counsel for the Foreign Debtor indicated that it would be filing its supplemental brief on May 2, 2022, and, in order to allow the parties additional time to discuss the issue, the Debtor agreed to extend the deadline for C-Wave to respond to the Motion to May 4, 2022.

## Limited Objection

4. C-Wave objects to the Motion for the limited purpose of clarifying that the relief requested therein does not stay the NY Litigation as against OEG such that the NY Litigation can continue against that non-debtor party. Indeed, to the extent the Foreign Debtor intends to use the Provisional Relief Order to assert that the NY Litigation is stayed as to OEG, or believes that the Provisional Relief Order grants such relief, the Motion is legally insufficient and procedurally inappropriate. In order to avoid any confusion, C-Wave requests that language be added to the

Provisional Relief Order clarifying that the NY Litigation can continue against non-debtor defendant OEG.

5. Such relief should be uncontroversial. "As a rule, the automatic stay under 11 U.S.C. § 362(a) does not apply to non-debtors." *In re Durr Mechanical Construction, Inc.*, 604 B.R. 131, 136 (Bankr. S.D.N.Y. 2019) (citing *Nippon Fire & Marine Ins. & Co. v. Skyway Freight Sys., Inc.*, 235 F.3d. 53, 58 (2d Cir. 2000). While "the Second Circuit has recognized a limited exception to this general rule," *id*, it is "an extraordinary exercise of discretion" to do so. *In re Pick-Your Own, Inc.*, Case No. 19-20821, 2019 WL 7945869, at *2 (Bankr. S.D.N.Y. Nov. 21, 2019). Here, the Foreign Debtor has not requested an extension of the automatic stay to OEG and has made no attempt to satisfy its burden for seeking such an extension.

## Conclusion

6. To the extent the Foreign Debtor is seeking a stay of the NY Litigation as against OEG, the Motion should be denied. Furthermore, the Provisional Relief Order should be amended to clarify that the NY Litigation may continue against non-debtor defendant OEG.

DATED: May 3, 2022

Respectfully submitted,

*/s/ Kaitlin R. Walsh*
Kaitlin R. Walsh, Esq.
Timothy J. McKeon, Esq.
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017
Tel: 212-935-3000
Fax: 212-983-3115
E-mail: krwalsh@mintz.com
tjmckeon@mintz.com

*Attorneys for C Wave Power & Gas, Inc.*