Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON
STANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Andrew.Buck@troutman.com
Joseph.DeFazio@troutman.com

Matthew R. Brooks (*pro hac vice* pending)
Nathaniel T. DeLoatch (*pro hac vice* pending)
TROUTMAN PEPPER HAMILTON
STANDERS LLP
600 Peachtree St., NE, Ste. 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.Brooks@troutman.com
Nathan.Deloatch@troutman.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>SUNWAVE GAS & POWER INC.,<br><br>Debtor In a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10491(JLG) |
|---|---|

### SUPPLEMENTAL BRIEF IN SUPPORT OF PETITIONER'S EXPEDITED REQUEST FOR PROVISIONAL RELIEF STAYING CERTAIN NY LITIGATION AS TO FOREIGN DEBTOR AND NON-DEBTOR PARENT ENTITY PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE

A. Farber & Partners Inc., as the duly authorized foreign representative (the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Sunwave Gas & Power, Inc. (the "Foreign Debtor"), through its United States counsel, Troutman Pepper Hamilton Sanders LLP, respectfully submits this supplemental brief (the "Supplemental Brief") in support of *Petitioner's Expedited Request for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* (the "Motion") (D.I. 5).

125997157v3

Through this Supplemental Brief, the Petitioner seeks to clarify the relief sought in the Motion. The Foreign Debtor is a defendant in the NY Litigation[1], which was filed prior to the commencement of this proceeding and concerns the Foreign Debtor's alleged default under the CWave Note (an unsecured promissory note executed solely by Foreign Debtor in favor of C Wave). ONEnergy, Inc. ("ONEnergy"), the non-debtor parent company of the Foreign Debtor, is the remaining defendant in the NY Litigation.

While the Motion requests that the Court grant provisional relief and extend the automatic stay to the NY Litigation, it was apparently not explicit that the request seeks relief as to all the defendants in the NY Litigation, including, ONEnergy. The distinction came to light following initial communications with counsel for CWave, the plaintiff in the NY Litigation, who questioned whether the intended relief was limited to merely the Foreign Debtor or all defendants in the NY Litigation.

Thus, out of an abundance of caution, Petitioner files this Supplemental Brief to clarify its request in the Motion that the NY Litigation be stayed in its entirety as to ALL the named defendants therein. For the reasons set forth below and the facts and arguments initially set forth in the Motion, which are incorporated herein, Petitioner respectfully requests that the Court grant the Motion, as clarified and supplemented by this Supplemental Brief, and grant provisional relief as to all defendants in the NY Litigation.

**PRELIMINARY STATEMENT**

The success of the Foreign Debtor's bankruptcy proceedings, both in the US and Canada, depend entirely upon the administrative and financial support of the Foreign Debtor's parent company, ONEnergy. As set forth in the *Declaration of Foreign Representative Pursuant to 11*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and In Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief and Memorandum of Law In Support* (D.I. 3) (the "<u>Declaration</u>"), at ¶¶ 9-10, the Foreign Debtor has little to no meaningful assets and is not engaged in any active business operations that would generate income to fund its liquidation. Instead, support for the Foreign Debtor's orderly liquidation is being provided by its parent company, ONEnergy. However, the resources of ONEnergy are not infinite. While ONEnergy has not itself formally commenced a bankruptcy proceeding in the US or Canada, the company has largely wound down its Canadian operations following several unsuccessful attempts to sell its business or recapitalize. Consequently, its resources to support the liquidation of the Foreign Debtor are extremely limited.

Extending the automatic stay on a provision basis to non-debtor ONEnergy is justified under the present circumstances because allowing the NY Litigation to proceed against ONEnergy on a piecemeal basis would potentially hamper the Foreign Debtor's liquidation proceedings. This is evident for two primary reasons. First, ONEnergy has limited resources to see the Foreign Debtor's bankruptcy proceedings to completion. Indeed, ONEnergy's appetite to fund the liquidation is limited given its own financial situation. If provisional relief is not granted to stay the NY Litigation in its entirety, ONEnergy will be faced with funding not only the costs of the Foreign Debtor's liquidation proceedings, but also potentially significant litigation costs in defending the claims asserted against it in the NY Litigation. Critically, the management of ONEnergy has expressed that it does not have the financial wherewithal to do both.

Second, ONEnergy's desire to avoid piecemeal litigation in the NY Litigation is justified because the claims against it appear to have no legal or factual basis. The CWave Note was

3
125997157v3

executed solely by the Foreign Debtor. ONEnergy is not a party to the CWave Note and in fact there is no contractual privity whatsoever between ONEnergy, on the one hand, and the NY Litigation plaintiffs, on the other hand.

The sole basis for claiming that ONEnergy is liable with the Foreign Debtor on the CWave Note is a public filing[2] made by ONEnergy wherein it disclosed the CWave unsecured obligation. However, the public filing and associated CWave Note disclosure are premised on ONEnergy's consolidated financial position, consistent with accounting standards and securities regulations. Accordingly, the disclosure does not constitute an assumption by ONEnergy of the obligations under the CWave Note; rather, the disclosure was required under best accounting and securities law practices. Consequently, CWave does not, under any set of facts or law, have a direct right of action against ONEnergy. Further to the point, CWave has yet to articulate, either in the NY Litigation pleadings or in informal discussions concerning the Motion, a legitimate basis for alleging ONEnergy is liable on the CWave Note.

Therefore, extending the provisional relief requested in the Motion to the NY Litigation in its entirety, including ONEnergy, is just and appropriate under the circumstances of this case.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) 362(a), and 1519 of the Bankruptcy Code.

---

[2] ONEnergy filed its *Management's Discussion and Analysis of Financial Condition and Results of Operations*, which is known as a "MD&A", as required under applicable Canadian law. The MD&A provides a narrative explanation of how a company performed in the past, its financial condition, and its future prospects. It provides information similar to and serves the same purpose as the *Management's Discussion & Analysis of Financial Condition and Results of Operations*, as required by the Securities and Exchange Commission. *See* 17 CFR § 229.303.

**RELIEF REQUESTED**

4. By this Brief, Petitioner seeks to clarify that the provisional relief sought in the Motion should be extended to the entire NY Litigation, including ONEnergy, and that such relief is appropriate under the circumstances and applicable law.

I. **EXTENSION OF PROVISIONAL RELIEF TO A NON-DEBTOR IS PERMITTED UNDER APPLICABLE LAW**

5. Courts have extended the protections of the automatic stay in many cases to restrain actions against principals or shareholders of a debtor. *In re Lazarus Burman Assocs.,* 161 B.R. 891,898 (Bankr. E.D.N.Y. 1993). The granting of such relief has been deemed appropriate where the principals or shareholders time, energy, or money were important to achieving an effective and successful insolvency proceeding. *See, e.g., id.*; *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990), *aff'd in part*, 124 B.R. 635 (S.D.N.Y.1991); *In re Codfish Corp.*, 97 B.R. 132 (Bankr. D. Puerto Rico 1988); *In re Kasual Kreation, Inc.*, 54 B.R. 915 (Bankr. S.D. Fla. 1985); *In re MacDonald/Associates, Inc.*, 54 B.R. 865 (Bankr. D.R.I. 1985) (enjoining a proceeding against the sole shareholders/officers who were "required to devote substantial time and effort overseeing the day-to-day affairs of the debtor but also the bankruptcy proceeding as well); *Matter of Rustic Mfg., Inc.*, 55 B.R. 25 (Bankr. W.D. Wisc. 1985); *In re Northlake Bldg. Partners*, 41 B.R. 231 (Bankr.N.D.Ill.1984); *In re Lion Capital Group*, 44 B.R. 690 (Bankr. S.D.N.Y. 1984); *In re Ms. Kipps, Inc.*, 34 B.R. 91 (Bankr. S.D.N.Y. 1983).

6. Relevant to the facts of this case, courts have stayed a pending action against a non-debtor third party where the action will impede the non-debtor third party from providing funding to the debtor's reorganization or where the pending action would distract the non-debtor third party's valuable time and attention away from the debtor's bankruptcy proceeding. *See In re Third Eighty–Ninth Associates*, 138 B.R. 144, 147 (S.D.N.Y.1992).

7. Notably, a non-debtor third party's contribution of funding to a debtor and the possibility that pending litigation will disrupt that funding can be sufficient, by itself, to extend the automatic stay to pending litigation against a non-debtor third party. *See id; see also In re Otero Mills, Inc.,* 21 B.R. 777 (Bankr. D.N.M. 1982); *aff'd,* 25 B.R. 1018 (D.N.M. 1982).

8. Moreover, courts have extended the automatic stay to pending litigation involving a non-debtor third party when doing so was necessary for the protection of a debtor's other creditors. *See In re Eagle–Picher Indus.*, 963 F.2d 855 (6th Cir.1992) ("it is for the protection of [debtor's] numerous creditors, not for [the officers], that [litigant] is properly prohibited from proceeding with its action against [the officers], and this prohibition is not a distortion of Congressional purpose."); *In re Venzke Steel Corp.*, 142 B.R. 183 (Bankr. N.D. Ohio 1992) (extending the automatic stay to a debtor's president and sole stockholder because, among other things, the expenditure of energies and resources in defending the president in pending litigation would be a detriment to the debtor's creditors).

## II. **EXTENSION OF PROVISIONAL RELIEF TO THE ENTIRETY OF THE NY LITIGATION, INCLUDING ONENERGY, IS APPROPRIATE AND JUST UNDER THE CIRCUMSTANCES**

### A. **The NY Litigation Will Significantly Disrupt Funding of both the Foreign Proceeding and this Chapter 15 Proceeding.**

9. The Foreign Debtor, Foreign Proceeding, and this Chapter 15 case are entirely dependent upon ONEnergy for funding. As noted above, ONEnergy has limited resources and, consequently, cannot feasibly fund both its defense in the NY Litigation and the Foreign Debtor's insolvency proceedings. Protracted litigation and attendant discovery in the NY Litigation would undoubtedly be a costly exercise, and ONEnergy has expressed that it cannot afford to fund such an effort, particularly given the baseless nature of the claims against it. Stated simply, continuation of the NY Litigation against ONEnergy may likely result in the termination of the Foreign Debtor's

funding for the insolvency proceedings. This alone is sufficient to justify extending provisional relief to ONEnergy. *See In re Third Eighty–Ninth Associates*, 138 B.R. at 147; *In re Otero Mills, Inc.,* 21 B.R. at 777.

### B. The NY Litigation Will Significantly Distract from the Time and Energy Necessary for the Foreign Proceeding to be Successful

10. The Foreign Debtor also relies solely upon ONEnergy for all administrative support. All administrative assistance provided to the trustee in both the Foreign Proceeding and this Chapter 15 proceeding comes from ONEnergy's employees and shareholders. Declaration, at ¶ 9. As a result, the trustee's ability to complete the Foreign Proceeding depends upon the dedicated time and energy of ONEnergy and its ability to provide the requisite administrative support. Allowing the NY Litigation to continue as to ONEnergy will not only deprive the Foreign Debtor of its only source of funding but it will also significantly detract from the administrative functions of the Foreign Debtor, upon which the trustee relies to pursue the Foreign Proceeding to a successful result.

### C. The NY Litigation Should Be Stayed in its entirety for the benefit of the Foreign Debtor's Creditors.

11. Foreign Debtor initiated the Foreign Proceeding for the purpose of effectuating an orderly windup of its operations and to provide its creditors with a fair and orderly distribution on account of their claims. The trustee in the Foreign Proceeding has already conducted the first meeting of creditors, as required under Canadian insolvency law, at which time the Foreign Debtor's creditors began their participation in the winding down process. *See* Declaration, at ¶ 20.

12. As noted above, the continuation and ultimate success of the Foreign Proceeding depends solely upon ONEnergy's ability to support the Foreign Proceeding (financially and administratively). Thus, extending the provisional relief to the NY Litigation in its entirety benefits all of the Foreign Debtor's other creditors who may be prejudiced if the NY Litigation is

permitted to continue with respect to ONEnergy. Not only have the plaintiffs in the NY Litigation arguably attempted to circumvent the Foreign Proceeding by filing the NY Litigation after the initiation of the Foreign Proceeding, but the claim asserted against ONEnergy is entirely baseless and appears to be nothing more than an attempt to extract a nuisance value litigation settlement. Allowing such a baseless claim to proceed on a piecemeal basis risks depleting the limited funds available to complete the Foreign Debtor's liquidation and deprives other creditors of any hope to obtain a pro rata distribution on their claims.

### III. THE ELEMENTS REQUIRED FOR INJUNCTIVE RELIEF ARE SATISFIED IN THIS CASE

13. Extending provisional relief under sections 105(a), 362(a), and 1519 of the Bankruptcy Code is a form of injunctive relief. The traditional standards for the issuance of injunctive relief require the movant to show: (1) irreparable harm to the debtor; (2) reasonable likelihood of success; (3) that injury to the movant outweighs any harm to the party to be enjoined; and (4) that the public interest will not be adversely affected. *In re Lazarus Burman Associates*, 161 B.R. at 901. These elements are satisfied here.

14. First, the Foreign Debtor will suffer harm because both the Foreign Proceeding and this Chapter 15 case are entirely dependent upon ONEnergy for funding and administrative support to the trustee. Should the NY Litigation be allowed to continue, causing ONEnergy to expend its limited funds in defending itself against the plaintiffs' baseless claim and distracting from its administration of the Foreign Debtor's estate, ONEnergy may very well determine that the time and expense of continuing bankruptcy support is too burdensome and limit its ability to support the Foreign Debtor. In that scenario, the Foreign Debtor's continued funding to successfully windup through the Foreign Proceeding and provide for its creditors an orderly distribution, to the extent one is available, would be jeopardized.

15. Second, the Foreign Proceeding has more than a reasonable likelihood of success. The Petitioner is in the process of completing a successful insolvency process as permitted by and provided for under Canadian insolvency law. The initial meeting of creditors has already occurred, and no objections were lodged by creditors in attendance. Further, there are no contested matters pending in the Foreign Proceeding. Declaration, at ¶ 21. Consequently, the Petitioner anticipates that the Foreign Proceeding will be successfully completed within the next twelve (12) months. *Id.*

16. Third, the injury to the Foreign Debtor far outweighs any prejudice or harm to the plaintiffs in the NY Litigation. As noted above, the Foreign Debtor will suffer extreme harm because the continuation of the NY Litigation may likely result in the withdrawal of ONEnergy's continued support for the Foreign Proceeding and this Chapter 15 case. The plaintiffs in the NY Litigation, on the other hand, will suffer little to no harm because their claim against ONEnergy, which asserts that ONEnergy is liable on the CWave Note, has no legitimate basis, either in law or fact. ONEnergy is not a party to the CWave Note nor is there any other document or act that plaintiffs can point to that legitimately supports its claim. In fact, during counsel for Petitioner's informal discussions with plaintiffs' counsel, there was no articulation of a legitimate basis for the claim against ONEnergy.

17. Finally, public interest favors granting the requested relief because it recognizes the importance of the Foreign Proceeding and puts into place the safeguards necessary to allow it to proceed to a successful result. It also prohibits a single creditor from circumventing the Foreign Proceeding at the expense and to the prejudice of all other creditors of the Foreign Debtor. Granting the requested relief accomplishes the design of Chapter 15 by promoting cooperation and comity between courts in the United States and foreign courts.

## Conclusion

18. For the reasons set forth above, the Petitioner requests that the provisional relief sought in the Motion be extended to the NY Litigation in its entirety, including as to ONEnergy, to ensure that ONEnergy will not be distracted from completing the Foreign Proceeding, that its funds will not be depleted by having to defend itself against a frivolous claim in the pending NY Litigation, and for the protection of the Foreign Debtor's other creditors.

## Motion Practice

19. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Petitioner submits that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

## Notice

20. Notice of this Motion to be provided by electronic mail, facsimile, and/or by overnight mail to: (a) the Office of the United States Trustee for the Southern District of New York; and (b) counsel to the plaintiffs in the NY Litigation. The Petitioner respectfully submits that further notice of this Motion and Brief is neither required nor necessary. The Petitioner submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Debtors respectfully request that this Court grant the Motion by granting the relief requested therein, including extending such relief to the NY Litigation in its entirety and ONEnergy, and such other and further relief as may be just.

125997157v3

Dated: May 4, 2022						/s/ Andrew L. Buck
Andrew L. Buck
Joseph M. DeFazio
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212-704-6000
Joseph.defazio@troutman.com

Matthew R. Brooks (*pro hac vice* pending)
Nathaniel T. DeLoatch (*pro hac vice* pending)
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3000
Matthew.brooks@troutman.com
Nathan.deloatch@troutman.com


*Counsel to the Petitioner A. Farber & Partners Inc.*