**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNWAVE GAS & POWER INC.,<br><br>Debtor In a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10491 (JLG) |

### ORDER (I) RECOGNIZING FOREIGN MAIN PROCEEDING, (II) RECOGNIZING FOREIGN REPRESENTATIVE, AND (III) GRANTING RELATED RELIEF

This matter was brought by A. Farber & Partners Inc., as the duly authorized foreign representative (the "Petitioner") for Sunwave Gas & Power Inc. (the "Debtor"), upon its filing, on behalf of the Debtor, of the Verified Petition for Recognition of Foreign Main Proceeding (the "Petition") pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 15 case (the "Chapter 15 Case").[1]

The Court has reviewed the Petition along with the other papers, pleadings and exhibits submitted by the Petitioner in support of thereof (collectively, the "Supporting Papers") including, among other things: (i) Declaration of Foreign Representative Pursuant To 11 U.S.C. § 1515 And Rule 1007(A)(4) Of The Federal Rules Of Bankruptcy Procedure And In Support Of Verified Petition For Recognition Of Foreign Main Proceeding; (ii) Application For Entry of an Order (I) Scheduling Recognition Hearing, (II) Specifying Deadline For Filing Objections and (III) Specifying Form And Manner Of Service (the "Notice Application"); and (iii) Expedited Request for Provisional Relief Under Sections 105(a) and 1519 of the Bankruptcy Code.

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Verified Petition [D.I. 7].

128495087v3

For good cause shown, the Court finds and concludes as follows:

    a.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    b.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    c.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

    d.    Good, sufficient, appropriate, and timely notice of the filing of the Petition and the hearing on the Petition has been given pursuant to Local Rules 2002-4 and 9078-1 and Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure.

    e.    The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

    f.    Pursuant to section 1517(a)(2) of the Bankruptcy Code, the Petitioner is a "person" within the meaning of section 101(41) of the Bankruptcy Code, and the Petitioner is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

    g.    The Canadian Proceeding currently pending before the Canadian Court is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Court

    h.    The Canadian Proceeding is pending in Canada, where the Debtor's "center of main interests," as that term is used in section 1517(b)(1) of the Bankruptcy Code, is located, and, accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

    i.    **Upon recognition** the Debtor is entitled to all of the relief provided under section 1520 of the Bankruptcy Code, ~~without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of~~

~~the Debtor and the interests of the Debtor's creditors and stakeholders.~~ **[JLG]**

Therefore, it is hereby ordered that:

1. The Petition is **GRANTED to the extent set forth herein [JLG]**

2. The Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3. The Canadian Proceeding is recognized as a "foreign main proceeding" (as defined in section 1502(a)(4) of the Bankruptcy Code) pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

4. The Petitioner is recognized, on a final basis, as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code.

5. The Debtor is entitled to all of the relief provided under section 1520 of the Bankruptcy Code, without limitation **except as set forth herein**. **[JLG]**

6. Upon entry of this Order, the Canadian Proceeding is shall be and hereby is granted comity and given fill force and effect in the United States and, pursuant to section 1520 of the Bankruptcy Code, among other things:

   a. The protections of section 361 and 362 of the Bankruptcy Code apply to the Foreign Debtor;
   b. all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Foreign Debtor's property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Foreign Debtor's assets or agreements in the United States without the express consent of the Petitioner; and

        c.        all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Foreign Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Foreign Debtor or its assets or proceeds thereof.

7.       The Petitioner is hereby established as the representative of the Foreign Debtor with full authority to administer the Foreign Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Foreign Debtor's prepetition and postpetition obligations.

8.       The Petitioner, the Foreign Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

9.       No action taken by the Petitioner, the Foreign Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, this chapter 15 case, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Petitioner **to the extent provided by applicable law [JLG]**, including, without limitation, pursuant to section 1510 of the Bankruptcy Code.

~~10.       The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with any public policy of the United States, warranted pursuant to sections 1507(a), 1509(b)(2)-(3), and 1520 of the Bankruptcy Code, and will not cause~~

~~hardship to creditors of the Foreign Debtor, or to any other parties in interest, in each case that is not outweighed by the benefits of granting such relief.~~**[JLG]**

11. Notwithstanding anything to the contrary, including the relief granted pursuant to paragraph 6 herein, the Order entered by this Court on June 1, 2022 [D.I. 24] (the "June 1 Order") remains in full force and effect, is unaffected by the relief granted herein, is preserved for purposes of finality of judgment and res judicata, and this Court retains and reserves jurisdiction to enforce **or modify [JLG]** the same. Plaintiff in the NY Action (as defined in the June 1 Order), C Wave Power & Gas, Inc., ~~reserves~~ **is entitled to [JLG]** all rights and remedies in connection with the June 1 Order, including the enforcement of such order, and the NY Action.

12. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

15. This Court shall retain jurisdiction with respect to the enforcement, amendment, interpretation or modification of this Order, any requests for additional relief, any adversary proceeding in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

16. The Petitioner shall provide service and notice of this Order by first class mail, postage prepaid, upon the ~~Chapter 15~~ Notice Parties as defined in **paragraph 12 of [JLG]** the Notice Application.

Dated: August 26, 2022
      New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge